UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ICON COMPLIANCE SERVICES, LLC and :
BRIAN ARYAI,
 :
                   Plaintiffs,
 :
              -against-                         **MEMORANDUM AND ORDER**
 :
THE PORT AUTHORITY OF NEW YORK        14-CV-4123 (RA)(KNF)
AND NEW JERSEY, DAP STRATEGIES, LLC :
and DAVID A. PATERSON,
 :
                 Defendants. :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

    Before the Court is a motion to quash the subpoena for a deposition served on a non-party, Governor Andrew Cuomo ("Cuomo"), pursuant to Rule 45 of the Federal Rules of Civil Procedure. Cuomo asserts that he has no knowledge pertinent to the award of the contracts at issue in this action, and his deposition "would clearly interfere with [his] ability . . . to perform the duties of the Executive Office of the State from his office in Albany, New York." Moreover, the subpoena should be quashed because it is accompanied by a list of documents which Cuomo is directed to bring to the deposition, but "there was no separate subpoena *duces tecum*." According to Cuomo, three of the five categories of requested documents can be obtained from the parties and two are overly broad and duplicative of the other requests. Cuomo asserts that the subpoena is defective because it was served by mail and no fees were tendered, as required by Rule 45(b)(1), and it seeks to compel him to travel more than 100 miles from Albany, where he works regularly, to Morristown, New Jersey, in contravention of Rule 45(c)(1)(A). In support

of his motion, Cuomo submitted various exhibits, including his declaration in which he states, inter alia:

> The office where I regularly transact the business of the State of New York is located in Albany. . . . I am being represented by the Law Department of the Port Authority of New York and New Jersey in connection with the subpoena purportedly served upon me for my deposition in this action. . . . I was not involved in and have no personal knowledge of the development of the Request for Proposals (RFP), or the evaluation and selection process for the responses thereto, for the Port Authority of New York and New Jersey's Bayonne Bridge Integrity Monitor Program Contract or for the Security Audit for the Airports and World Trade Center Contract. . . . I have no personal knowledge of David Paterson's ownership interest in ICON or ICON's having submitted proposals in response to the RFP for either the Bayonne Bridge Integrity Monitor Program or the Security Audit for the Airports and the World Trade Center.

In a letter, dated February 2, 2015, the plaintiffs contend that, "[g]iven that this motion essentially mimics the prior arguments raised by Defendant in its first failed attempt to quash the subpoena, Plaintiffs shall rely upon, and incorporate herein by reference, those arguments raised in its [sic] original opposition brief submitted with the Court on October 15, 2014."

**Legal Standard**

"[A]ll oppositions and replies with respect to motions shall comply with Local Civil Rule 7.1(a)(2) and (3)." Local Civil Rule 7.1(b). The plaintiffs' February 2, 2015 letter was filed in contravention to Local Civil Rule 7.1(b) of this court, because it appears to oppose Cuomo's motion, improperly, by a letter, rather than by a "memorandum of law, setting forth the cases and other authorities relied upon in [opposition to] the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined," as required by the Local Civil Rules of this court. Local Civil Rule 7.1(a). Even assuming it is proper for the plaintiffs to ask the Court to sift through their memorandum of law, filed in opposition to a prior motion made by the defendants, in search of the arguments that might be relevant to the instant motion made by

Cuomo, the plaintiffs failed to address the defendants' argument, also put forward in the instant motion, that the plaintiffs' subpoena is defective.

"Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). "[P]ersonal service of subpoenas is required. The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally. . . . Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena." 9ACharles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2454 (3d ed. 2008).

*Application of Legal Standard*

The plaintiffs served a subpoena on a non-party, Cuomo, by mail. "[A] minority of courts, including some within the Second Circuit, have authorized constructive service of a civil subpoena, similar to that permitted under Rule 4, Fed. R. Civ. P." Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc., No. 99 Civ. 9623, 2006 WL 1311967, at *1 (S.D.N.Y. May 12, 2006); see King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997) (finding that hand-delivering a subpoena served under Rule 45 is not required, "so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness."). The plaintiffs failed to oppose Cuomo's argument that service of the subpoena on him, by mail, was defective. Absent any argument by the plaintiffs showing why service by mail in this particular circumstance is valid under Rule 45, the Court finds that service by mail of the instant subpoena does not satisfy Rule 45(b)(1)'s requirement. Moreover, the Court finds that the instant

subpoena is also invalid on the ground that the plaintiffs failed to tender the appropriate fees, as required by Rule 45(b)(1).

## Conclusion

For the foregoing reasons, Cuomo's motion to quash the subpoena, Docket Entry No. 38, is granted.

Dated:  New York, New York
February 23, 2015

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE